

**Service of Process Transmittal**
12/04/2020
CT Log Number 538698885

| | |
|---|---|
| **TO:** | Alice Quinn, Subpoena Recipient<br>Automatic Data Processing, Inc.<br>MAIL STOP #325, ONE ADP BOULEVARD<br>ROSELAND, NJ 07068 |
| **RE:** | Process Served in Texas |
| **FOR:** | ADP, INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JUANA ARACELI SANTIBANEZ, Pltf. vs. JANA GOODNIGHT and ADP, LLC., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice, Petition |
| **COURT/AGENCY:** | El Paso County Court, TX<br>Case # 2020DCV3687 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 04/16/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/04/2020 postmarked on 11/30/2020 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or Before 10:00 a.m. on the Monday next after the expiration of 20 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Jessica Mendez<br>Law Office of Jessica Mendez, P.C.<br>1218 E. Yandell, Suite 103<br>El Paso, TX 79902<br>915-626-5036 |
| **REMARKS:** | ADP, LLC converted into ADP, INC. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/05/2020, Expected Purge Date: 12/10/2020<br><br>Image SOP<br><br>Email Notification,  Alice Quinn  alice.quinn@adp.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of  1 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



4011 GALEN
EL PASO, TX

7018 1130 0001 3070 0370

U.S. POSTAGE PAID
FCM LG ENV
EL PASO, TX
79906
NOV 30, 20
AMOUNT
**$7.80**
R2305H127881-10

ADP, LLC ℅ CT CORPORATION SYSTEM
1999 BRYAN ST., SUITE 900
DALLAS, TX 75201

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **ADP, LLC.**, which may be served with process **by serving its registered agent, CT CORPORATION SYSTEM, at 1999 BRYAN ST., SUITE 900, DALLAS, TX 75201**

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Requests for Disclosure** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **120th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 13th day of November, 2020, by Attorney at Law JESSICA MENDEZ, 1218 E. YANDELL, SUITE 103, EL PASO, TX 79902 in this case numbered **2020DCV3687** on the docket of said court, and styled:

**JUANA ARACELI SANTIBANEZ**
**V.**
**JANA GOODNIGHT AND ADP, LLC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 25th day of November, 2020.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

*NAME OF PREPARER        TITLE
ADDRESS
CITY        STATE        ZIP

By _____, Deputy
Veronica Cables

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2020, at _____ I mailed to _____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **Plaintiff's Original Petition and Requests for Disclosure** attached thereto.

_____
TITLE

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

    The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

    This forwarding address was provided:_____

El Paso County, Texas

By:_____
      Deputy District Clerk

OR

_____
Name of Authorized Person

By:_____

## VERIFICATION BY AUTHORIZED PERSON

State of Texas
County of El Paso

    Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day of _____, _____.

_____
Notary Public, State of _____
My commission expires:_____

Case 3:20-cv-00319-PRM-MAT   Document 1-3   Filed 12/29/20   Page 5 of 20

El Paso County - 120th District Court

Filed 11/13/2020 1:15 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV3687

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| JUANA ARACELI SANTIBANEZ, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Cause No. 2020-DCV- |
| JANA GOODNIGHT and ADP, LLC., | | |
| Defendants. | | |

**PLAINTIFF'S ORIGINAL PETITION
AND REQUESTS FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **JUANA ARACELI SANTIBANEZ**, herein Plaintiff in the above-styled and numbered cause, and files this her Original Petition and Requests for Disclosure complaining of Defendants **JANA GOODNIGHT** and **ADP, LLC.**, and for a cause of action respectfully shows the Court the following:

## I.
## PARTIES

Plaintiff, JUANA ARACELI SANTIBANEZ, is an individual who resides in El Paso County, Texas. Plaintiff has been issued a Texas Driver's License, and the last three digits of her license are 074 and the last three digits of her social security number are 148.

Defendant JANA GOODNIGHT is an individual and resident of El Paso County, Texas that may be served with process at 10782 Adin St., El Paso, Texas 79924, or wherever she may be found.

Defendant, ADP LLC., is a limited liability company that may be served with process by serving its registered agent C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136, or wherever they may be found.

## II.
## JURISDICTION AND VENUE

Plaintiff brings this cause of action pursuant to state law common law claims and violations of Tex. Lab. Code §21.001 et seq.

Venue is proper in this Court because a substantial portion of the facts giving rise to this claim occurred in El Paso County, Texas.

## III.
## DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level III of Texas Rules of Civil Procedure, Rule 190.

## IV.
## RESPONDEAT SUPERIOR

At all relevant times to this action, Defendant JANA GOODNIGHT was an employee, servant, vice-principal and/or agent of Defendant ADP, LLC. and was acting in the course and scope of that employment. Accordingly, Defendant ADP, LLC is liable for such conduct under the doctrine of *Respondeat Superior*. Specifically, Defendant JANA GOODNIGHT was at all relevant times (and presumably still is) a manager of ADP, LLC. As a manager, Defendant JANA GOODNIGHT's actions while on the job are actions of Defendant ADP, LLC. Plaintiff alleges that all Defendants are jointly and severally liable for the injures asserted in this lawsuit.

In the alternative, and without waiving the foregoing allegations, if Defendant JANA GOODNIGHT is found to have acted outside the scope of her employment with Defendant ADP, LLC. at the time of the incident, Plaintiff asserts that:

A.... a master is under a duty to exercise reasonable care so as to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them. If the servant is upon the premises in possession of the master or upon which the servant is privileged to enter

2

only as his servant, or is using a chattel of the master, and the master knows or has reason to know that he has the ability to control the servant, and knows or should know the necessity and opportunity for exercising such control, and fails to do so, the master is liable for the acts of the servant at Restatement (Second) of Torts ' 317.

## V.
## FACTS

Plaintiff is a female individual born in 1968. On or about July 28, 2014, ADP hired Plaintiff as an Issue Resolution Analyst in ADP's finance department. Plaintiff was initially supervised by Ida Dukes who gave Plaintiff favorable reviews. Plaintiff was later supervised by Glenn Pennington who also gave Plaintiff favorable reviews. After working at ADP for approximately three years, Plaintiff observed that the new senior director for the finance department for ADP, Cecilia Watts, began to hire younger employees and terminate older employees. At times, Plaintiff assisted management with hiring employees and was told to give preference to younger applicants.

On or about February 2019, due to Plaintiff's exceptional work performance, Plaintiff began working as an Accounts Receivable Representative in the Invoice-to-Cash ("ITC") group and was supervised by Defendant Jana Goodnight. At all times relevant to this lawsuit, Defendant Goodnight was employed as a manager and, as such, a vice-principal of ADP. Defendant Goodnight is younger than Plaintiff and was younger than 40 years old while she was Plaintiff's manager. On or around March 2019, Plaintiff notified Ms. Goodnight that she was a qualified individual with a disability. Despite Plaintiff's disability, she was able to perform the essential functions of her job.

Defendant Goodnight changed Plaintiff's work schedule without cause or notice and intentionally miscoded Plaintiff's time as unpaid leave which affected her wages. Defendant Goodnight demanded that Plaintiff tell her confidential medical information and the exact time frame when Plaintiff would be out on medical leave. Ms. Goodnight violently screamed and yelled at Plaintiff asking her "what is wrong with you" when Plaintiff was out on medical leave due to her

3

disability. Plaintiff asked Ms. Goodnight to fix her time records to reflect medical leave, but Ms. Goodnight violently yelled and screamed at Plaintiff and refused Plaintiff's request. Ms. Goodnight's assaultive conduct exacerbated the symptoms of Plaintiff's disability causing her imminent bodily injury.

On or about March 2019, Plaintiff opposed the discrimination she was subjected to due to her age and disability to ADP's Human Resources department, but no action was taken. Instead, ADP terminated Plaintiff's employment on April 16, 2019 for alleged misconduct.

Plaintiff denies violating any company policy and denied any conduct that could have resulted in disciplinary action, including termination. ADP failed to follow any non-discriminatory policy in making the decision to terminate Plaintiff. Upon information and belief, Plaintiff was replaced by someone outside her protected class. Plaintiff was awarded her unemployment benefits and a determination issued by the Texas Workforce Commission found no misconduct on behalf of Plaintiff relating to her termination. In addition to her termination, Plaintiff was subjected to further retaliatory actions by ADP. Plaintiff alleges she was terminated for reasons unsupported by evidence under pre-text. Plaintiff alleges that her age and/or disability was a motivating factor in the decision to terminate her employment. Plaintiff further alleges that her employment would not have been terminated when it was but for her complaints of and opposition to discrimination and retaliation.

Plaintiff has been unable to obtain alternate employment which compensates her at the pay rate which she earned while employed by Defendant or provides the same benefits she earned while employed by ADP. As a matter of reasonable probability, Plaintiff will be unable to obtain such alternate employment for a period of time in the future. Plaintiff has therefore sustained damages in the form of lost wages in the past and lost wages in the future, as well as the loss of past and future benefits of employment.

As a proximate result of her termination, Plaintiff has experienced emotional pain, suffering, inconvenience, mental anguish, and a loss of enjoyment of life, and as a matter of reasonable probability, Plaintiff will continue to experience emotional pain, suffering, inconvenience, mental anguish, and a loss of enjoyment of life for a period of time in the future.

Plaintiff has been forced to retain the undersigned counsel to protect and enforce her rights and has incurred the obligation to pay reasonable and necessary attorney's fees.

## VI.
## ADMINISTRATIVE PREREQUISITES

Plaintiff complied with all necessary administrative prerequisites. On or about May 13, 2019, Plaintiff filed a formal charge of discrimination, Charge No. 453-2019-00956, simultaneously with the Equal Employment Opportunity Commission (E.E.O.C.) and the Texas Workforce Commission Civil Rights Division. On April 7, 2020, Plaintiff was issued a Notice of Right to Sue from the E.E.O.C. on Charge No. 453-2019-00956.

## VII.
## CAUSES OF ACTION

### COUNT ONE: ASSAULT

As detailed above, Defendant JANA GOODNIGHT'S conduct constitute assault. Defendant JANA GOODNIGHT intentionally and knowingly, or recklessly caused bodily injury to Plaintiff or intentionally or knowing threatened Plaintiff with imminent bodily injury which caused severe damage, including mental anguish and emotional distress to Plaintiff.

### COUNT TWO: DISCRIMINATION

Plaintiff brings this lawsuit against Defendant ADP pursuant to TEX. LAB. CODE §21.001, *et seq.* The above-described acts and omissions of Defendant ADP in discriminating against Plaintiff on the basis of her age and disability are in violation of §21.001 *et seq.* of the TEX. LAB. CODE.

Defendant ADP intentionally engaged in unlawful employment practices involving Plaintiff because of her age and disability. The unlawful employment practices in violation of the Texas Commission on Human Rights Act herein complained of occurred in the course of Plaintiff's employment with ADP and was carried on by Defendant ADP's agents, servants, and employees. Defendant ADP intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that deprived or tended to deprive her of an employment opportunity and/or adversely affect her status because of Plaintiff's age and disability in violation of the Texas Labor Code. Plaintiff was treated dissimilarly because of her age and disability. As a direct and proximate result of these actions, Plaintiff suffered age and disability discrimination. The discriminatory actions of Defendant ADP were the proximate cause of damages to Plaintiff as more particularly described below.

## COUNT THREE: RETALIATION

The above-described acts and omissions of Defendant ADP in retaliation for her complaints of and opposition to discrimination are in violation of §21.001 *et seq.* of the TEX. LAB. CODE. Defendant ADP retaliated against Plaintiff for having opposed unlawful employment discrimination with respect to the terms, conditions, privileges, advantages, and benefits of her employment with Defendant ADP. Specifically, Plaintiff was held to stricter standards of performance, and denied benefits of employment because of his opposition to unlawful employment discrimination practices. In addition, Plaintiff was treated dissimilarly because of her opposition to unlawful employment discrimination practices. As a direct and proximate result of these actions, Plaintiff suffered retaliation. The retaliatory actions of Defendant ADP were the proximate cause of damages to Plaintiff as more particularly described below.

**VIII.**

6

## DAMAGES

Plaintiff would show that its proximate cause of the acts and/or omission committed by Defendants named herein, Plaintiff is entitled to recover at least the following legal damages:

1. All reasonable damages;
2. Exemplary damages at the maximum legal amount;
3. All actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;
4. All liquidated damages for the maximum amount allowed by law, including doubling of all back pay awarded;
5. Compensatory damages suffered in the past, which includes emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses;
6. Compensatory damages suffered in the future, which includes emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses;
7. Pre-judgment and post-judgment interest at the maximum amount allowed by law;
8. Costs of suit, including attorney's fees as allowed under the Texas Labor Code; and
9. The award of such other and further relief, both at law and equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Based on the above numerated damages, Plaintiff pleads for actual damages in the amount the jury deems reasonable under the circumstances which exceed the minimum jurisdictional limits of the court.

Pursuant to Texas Rule of Civil Procedure 47, Plaintiff pleads that she seeks an award for all of the above in an amount of monetary relief over Two Hundred Thousand dollars ($200,000.00) but not more than One Million dollars ($1,000,000.00).

## XI.
## PUNITIVE DAMAGES

The actions of Defendants, as outlined above, were malicious in that Defendants acted with a specific intent to cause substantial injury to Plaintiff; or, alternatively, engaged in actions which, when viewed objectively from the standpoint of the actor at the time of the occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which

the actor had actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of Plaintiff.

## X.
## JURY DEMAND

Plaintiff demands a trial by jury on all issues as set forth herein. Plaintiff has tendered the appropriate fee.

## XI.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a) thru (l).

## XII.
## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and that following a trial by jury, that the Court enter judgment in her favor against Defendants, and award Plaintiff her actual damages as set forth above, compensatory damages, reasonable and necessary attorney's fees, reinstatement, pre-judgment and post judgment interested as allowed by law, costs of court, and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

**LAW OFFICE OF JESSICA MENDEZ, P.C.**
1218 E. Yandell, Suite 103
El Paso, Texas 79902
(915) 626-5036
(915) 626-5011 (Facsimile)
jmendez@Mendezlawpc.com

By: */s/ Jessica Mendez*
  **JESSICA MENDEZ**
  State Bar No. 24047483
  Attorney for Plaintiff

El Paso County - 120th District Court
Case 3:20-cv-00319-PRM-MAT   Document 1-3   Filed 12/29/20   Page 14 of 20
Filed 11/20/2020 10:19 AM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV3687

# LAW OFFICE OF JESSICA MENDEZ, P.C.

ATTORNEY AND COUNSELOR AT LAW
1218 E. YANDELL DRIVE, SUITE 103
EL PASO, TEXAS 79902
(915) 626-5036 (PHONE)
(915) 626-5011 (FAX)

*Licensed in Texas and New Mexico
Email:  jmendez@Mendezlawpc.com

November 20, 2020

**VIA TEXAS EFILE**
El Paso District Clerks Office
500 E. San Antonio Ave. # 103
El Paso, Texas 79901

    **Re:**   *Juana Araceli Santibanez v. Jana Goodnight and ADP, LLC.*, **Cause No. 2020DCV3687**

To whom it may concern:

    Our office would like to request the issuance of citations for Plaintiff's Original Petition and Request for Production in the above-mentioned the filing date of November 13, 2020. If your office could please issue two (2) citations, which have been paid for, to be served by certified mail and using an outside service for the following parties:

Jana Goodnight
10782 Adin St.
El Paso, Texas 79924

ADP, LLC
C T Corporation System
1999 Bryan St., Suite 900
Dallas, Texas 75201-3136

    Citations may be returned via email to vportillo@mendezlawpc.com.  Should you have any questions or comments, please do not hesitate to contact me.

Sincerely,

**LAW OFFICE OF JESSICA MENDEZ, P.C.**

**By:**  *Veronica Portillo*

Veronica Portillo, Legal Assistant

El Paso County - 120th District Court                                                                                                    Filed 12/28/2020 8:32 AM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV3687

# IN THE 120TH DISTRICT COURT OF
# EL PASO COUNTY TEXAS

| | | |
|---|---|---|
| **JUANA ARACELI SANTIBANEZ,** | § § § | |
| **Plaintiff,** | § § | **Cause No. 2020-DCV-3687** |
| v. | § § | |
| **JANA GOODNIGHT and ADP, LLC,** | § § § | |
| **Defendants.** | | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant ADP, LLC ("Defendant") answers Plaintiff's Original Petition as follows:

### GENERAL DENIAL

1. Defendant denies all allegations in Plaintiff's Original Petition.

2. Defendant reserves the right to supplement or amend this Answer as appropriate.

### AFFIRMATIVE DEFENSES

3. Plaintiff has failed to state a claim upon which relief can be granted.

4. The Court lacks jurisdiction over some or all of Plaintiff's claims.

5. Alternatively and without waiving any other defenses, Defendant acted, at all relevant times in good faith and without an intent to discriminate and without an intent to engage in any unlawful employment practices.

6. Alternatively and without waiving any other defenses, all employment decisions made and actions taken regarding Plaintiff were based on legitimate, nondiscriminatory reasons.

1

40G3291.DOCX

7. Defendant engaged in good faith and reasonable efforts to prevent and promptly correct any harassing or discriminatory behavior, if any, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant.

8. To the extent that Plaintiff may be able to prove that an improper motive was a factor in any relevant employment decision at issue in this case, the same employment decision would have been made regardless of any improper motive.

9. Defendant Goodnight acted outside the scope of her employment when the alleged assault with Plaintiff occurred and the alleged assault was not in relation to Defendant's business. Defendant did not authorize nor ratify such acts.

10. Defendant did not commit any willful, intentional, malicious or reckless act, nor did it authorize or ratify any such act; therefore, Plaintiff is not entitled to recover exemplary/punitive damages.

11. Plaintiff's damages are subject to the statutory caps set forth in the Texas Civil Practice and Remedies Code.

12. Plaintiff has failed to mitigate her damages.

13. Plaintiff's damages are subject to offset by interim earnings, workers' compensation benefits, or unemployment compensation received.

Accordingly, Defendant requests that Plaintiff take nothing by this action and that Defendant receive all relief to which it is entitled.

2

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915.533.4424
915.546.5360 (FAX)

By: */s/ Clara B. Burns*
    CLARA B. BURNS
    State Bar No. 03443600
    clara.burns@kempsmith.com
    VICTORIA DEL CAMPO
    State Bar No. 24103753
    victoria.delcampo@kempsmith.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on the attorneys for Plaintiff, Jessica Mendez, Law Firm of Jessica Mendez, P.C., 1218 E. Yandell, Suite 103, El Paso, Texas, 79902 on the 28th day of December, 2020.

- ☐   Regular Mail, Postage Prepaid
- ☐   Hand Delivery
- ☐   Certified Mail, Return Receipt Requested
- X   Electronic Transmission:   jmendez@mendezlawpc.com
- ☐   Facsimile Transmission:   (915) 626-5011

    */s/ Clara B. Burns*
    CLARA B. BURNS

3

40G3291.DOCX

El Paso County - 120th District Court                                                                              Filed 12/28/2020 8:32 AM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV3687

# IN THE 120TH DISTRICT COURT OF
# EL PASO COUNTY TEXAS

| | |
|---|---|
| JUANA ARACELI SANTIBANEZ, § | |
| § | |
| **Plaintiff,** § | |
| § | Cause No. 2020-DCV-3687 |
| v. § | |
| § | |
| JANA GOODNIGHT and § | |
| ADP, LLC, § | |
| § | |
| **Defendants.** | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Jana Goodnight ("Defendant") answers Plaintiff's Original Petition as follows:

### GENERAL DENIAL

1. Defendant denies all allegations in Plaintiff's Original Petition.

2. Defendant reserves the right to supplement or amend this Answer as appropriate.

### AFFIRMATIVE DEFENSES

3. Plaintiff fails to state a claim upon which relief can be granted.

4. The Court lacks jurisdiction over some or all of Plaintiff's claims.

5. Alternatively and without waiving any other defenses, Defendant acted, at all relevant times in good faith and without an intent to discriminate and without an intent to engage in any unlawful employment practices.

6. Alternatively and without waiving any other defenses, all employment decisions made and actions taken regarding Plaintiff were based on legitimate, nondiscriminatory reasons.

7. Plaintiff's assault claim against Defendant fails because Defendant did not make contact with Plaintiff's person, threaten Plaintiff with imminent bodily injury, and Defendant's

1

40G3239.DOCX

actions did not cause Plaintiff bodily injury.

8. Defendant did not commit any willful, intentional, malicious or reckless act, nor did she authorize or ratify any such act; therefore, Plaintiff is not entitled to recover exemplary/punitive damages.

9. Plaintiff's damages are subject to the statutory caps set forth in the Texas Civil Practice and Remedies Code.

10. Plaintiff has failed to mitigate her damages.

11. Plaintiff's damages are subject to offset by interim earnings, workers' compensation benefits, or unemployment compensation received.

Accordingly, Defendant requests that Plaintiff take nothing by this action and that Defendant receive all relief to which she is entitled.

                        Respectfully submitted,

                        KEMP SMITH LLP
                        P.O. Box 2800
                        El Paso, Texas 79999-2800
                        915.533.4424
                        915.546.5360 (FAX)

By:   */s/ Clara B. Burns*
       CLARA B. BURNS
       State Bar No. 03443600
       clara.burns@kempsmith.com
       VICTORIA DEL CAMPO
       State Bar No. 24103753
       victoria.delcampo@kempsmith.com

       Attorneys for Defendant

40G3239.DOCX

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document was served on the attorneys for Plaintiff, Jessica Mendez, Law Firm of Jessica Mendez, P.C., 1218 E. Yandell, Suite 103, El Paso, Texas, 79902 on the 28th day of December, 2020.

☐ Regular Mail, Postage Prepaid
☐ Hand Delivery
☐ Certified Mail, Return Receipt Requested
X Electronic Transmission: jmendez@mendezlawpc.com
☐ Facsimile Transmission: (915) 626-5011

           */s/ Clara B. Burns*
           CLARA B. BURNS

3

40G3239.DOCX